UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT FAMILY PROPERTIES, LP, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:16-CV-263 (CEJ) ) |
| MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

**I.     Background**

Plaintiff Scott Family Properties, LP, is the owner of an office building located adjacent to Interstate 64 in Chesterfield, Missouri. In late 2015, the Missouri Highway and Transportation Commission built a sound wall between the office building and the highway. Plaintiff alleges that the Commission failed to provide it with notice of the proposed sound wall as required by federal and state regulations. Plaintiff also alleges that the sound wall impairs its ability to attract tenants and has resulted in a $5 million reduction in the value of the building. Plaintiff further alleges that the Commission has refused to remove the sound wall or pay it just compensation. Plaintiff finally alleges that its rights to procedural due process and equal protection under the state and federal constitutions were violated.

Plaintiff filed suit against the Commission in state court, asserting both state law and federal claims. The Commission timely removed the case to this Court pursuant to federal question jurisdiction. After removal, plaintiff amended its complaint to add the individual commissioners, in their official capacities, as defendants.

In Count I of the amended complaint, plaintiff asserts a claim against the Commission for inverse condemnation based on private nuisance and for damages in the amount of $5 million. In Counts II and III, plaintiff asserts claims against the commissioners for deprivation of due process and equal protection. Plaintiff seeks an order directing the commissioners to remove the sound wall in front of its building, together with attorney's fees and expenses.

**II. Legal Standard**

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In this case, defendants assert a facial challenge based on immunity and failure to exhaust available state remedies. In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes

2

a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Count I - Inverse Condemnation

Under Missouri law, inverse condemnation is the exclusive remedy when private property is taken or damaged without compensation as a result of a nuisance operated by an entity that has the power of eminent domain. Miller v. City of Wentzville, 371 S.W.3d 54, 57 (Mo. Ct. App. 2012) (citations omitted). The property owner need not show an actual taking of property, but "must plead and prove an invasion or appropriation of some valuable property right which the landowner has to the legal and proper use of his property, which invasion or

3

appropriation directly and specially affects the landowner to his injury." Dynasty Home, L.C. v. Pub. Water Supply Dist. No. 3 of Franklin Cty., Missouri, 453 S.W.3d 876, 879 (Mo. Ct. App. 2015); Heuer v. City of Cape Girardeau, 370 S.W.3d 903, 913-14 (Mo. Ct. App. 2012).

The Commission first argues that it is immune from suit under the Eleventh Amendment which generally bars suits by private citizens against a state in federal court. Balogh v. Lombardi, No. 14-3603, 2016 WL 929358, at *5 (8th Cir. Mar. 11, 2016). Eleventh Amendment immunity extends to arms of the state, including the Commission. Hall v. Missouri Highway & Transp. Comm'n, 995 F. Supp. 1001, 1006 (E.D. Mo. 1998). However, a state remains free to waive its Eleventh Amendment protection from suit in federal court. Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 618 (2002). Plaintiff argues that the Commission has waived its immunity.

In Lapides, the Supreme Court held that a state waives Eleventh Amendment immunity by removing a case to federal court. The Supreme Court reasoned that it "would be anomalous or inconsistent" to permit a state both to invoke federal jurisdiction through removal and to claim Eleventh Amendment immunity from federal jurisdiction. Id. at 619. Permitting the states "to freely assert[] both claims in the same case could generate seriously unfair results." Id. However, the holding in Lapides is limited "to the context of state-law claims, in respect to which the State has expressly waived immunity from state-court proceedings." Id. at 617-18; see also Kruger v. Nebraska, --- F.3d ---, No. 15-1427, slip op. at 6 (8th Cir. Apr. 7, 2016) (Lapides decision "does not necessarily apply to federal claims or state claims in which state has not waived immunity in state courts").

4

As defendants note, judges in this district applying Lapides have held that Missouri does not waive its Eleventh Amendment immunity by removing state-law tort claims to federal court. See Franklin v. State of Missouri, 4:15CV1283 NCC, 2016 WL 366799, at *3 (E.D. Mo. Jan. 29, 2016) (finding state had immunity against battery claim); Belkin v. Casino One Corp., No. 4:14CV00452 ERW, 2014 WL 1727896, at *4 (E.D. Mo. May 1, 2014) (state agency did not waive its Eleventh Amendment immunity over tort claims "through the simple act of removing to federal court, because under the facts of this case, the narrow holding of Lapides does not apply"); Lacy v. Gray, No. 4:13CV370 RWS, 2013 WL 3766567, at *2 (E.D. Mo. July 16, 2013) (rejecting argument under Lapides that state entity waived immunity over state law claims by removing action); Johnson v. Board of Police Comm'rs, 4:06CV605 CDP, 2007 WL 1629909, at *3-4 (E.D. Mo. June 4, 2007) (finding that board retains Eleventh Amendment immunity for plaintiff's assault and battery claims). These cases are entirely consistent with Lapides because, under Missouri law, state entities are entitled to sovereign immunity from all tort claims, with exceptions for claims arising from motor vehicle accidents or dangerous conditions of land. Mo.Rev.Stat. § 537.600.1; Southers v. City of Farmington, 263 S.W.3d 603, 609 (Mo. 2008).

The inverse condemnation claim in Count I is not a tort claim. Under Missouri law, inverse condemnation claims arise from Article I, Section 26 of the Missouri Constitution, which provides that "private property shall not be taken or damaged for public use without just compensation." The Missouri Supreme Court has observed that inverse condemnation claims are not subject to sovereign immunity. See Tierney v. Planned Indus. Expansion Auth. of Kansas City, 742 S.W.2d 146,

5

155 (Mo. 1987) (inverse condemnation actions "may be maintained in spite of sovereign immunity to fulfill the constitutional command that property not be taken without just compensation"); see also Heins Implement Co. v. Missouri Highway & Transp. Comm'n, 859 S.W.2d 681, 694 (Mo. 1993), abrogated on other grounds by Southers v. City of Farmington, 263 S.W.3d 603 (Mo. 2008) (trial court properly dismissed nuisance and negligence claims pursuant to sovereign immunity while retaining inverse condemnation claims). Had this case remained in state court, the Commission would not have been entitled to assert sovereign immunity as a defense to plaintiff's inverse condemnation claim. Under the reasoning of Lapides, thus, it would be unfair to allow the Commission to remove this case to federal court and obtain the benefit of Eleventh Amendment immunity. The Court finds that the Commission waived its Eleventh Amendment protection against suit in federal court by voluntarily invoking federal jurisdiction through removal.[1]

In order to sustain its inverse condemnation claim, plaintiff must allege that its property was damaged by a nuisance caused by the Commission. Basham v. City of Cuba, 257 S.W.3d 650, 653 (Mo. Ct. App. 2008). "Nuisance is an effect rather than a cause of tort liability and conduct antecedent to the interference may be irrelevant. Nuisance is a condition and does not depend on the degree of care used; it depends on the degree of danger existing with the best of care." Frank v. Environmental Sanitation Management, Inc., 687 S.W.2d 876, 880 (Mo. 1985) (citations and footnote omitted). Essential elements that are required for recovery on the basis of nuisance are injury, damage, and causation. Basham, 257 S.W.3d

---

[1] This ruling does not apply to the commissioners because they were not added as defendants until after the case was removed and thus have not waived any immunity to which they are otherwise entitled.

6

at 653. "'Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his [or her] property.'" Id. (quoting Byrom v. Little Blue Valley Sewer Dist., 16 S.W.3d. 573, 576 (Mo. 2000)) (alteration in original). "[T]he right of enjoyment which is impaired must be a right that is susceptible to legal protection." 44 Plaza, Inv. v. Gray-Pac Land Co., 845 S.W.2d 576, 578 (Mo. Ct. App. 1992); see also Randall v. Federated Retail Holdings, Inc., 429 F.3d 784, 789 (8th Cir. 2005) (under Missouri law, a submissible nuisance claim requires a right of enjoyment susceptible to legal protection).

Here, plaintiff alleges that the sound wall has caused a $5 million decrease in the value of its property. However, plaintiff does not allege any specific damage to the property or any specific condition caused by the sound wall that led to the diminution in value (*e.g.,* no allegation that placement of the wall caused a diversion of surface water onto its property). See, e.g., Heins Implement Co., 859 S.W.2d at 691 (holding that owner may bring inverse condemnation action when private property is damaged by an unreasonable diversion of surface waters by public works); Rosenfeld v. Thoele, 28 S.W.3d 446 (Mo. Ct. App. 2000) (placement of debris and wall on defendant's land diverted water onto plaintiff's land). Plaintiff does not allege that the wall emits foul odors. See Frank, 637 S.W.2d at 881 (listing cases of nuisance arising from noxious odors).

The Commission assumes, and plaintiff does not dispute, that plaintiff's claim arises from the obstruction of the view of and from the building. If that is the case, plaintiff fails to allege that it has a protectable interest. "The common law rule is that, absent a statute or contract to the contrary, the obstruction of a landowner's

7

view is not actionable." 44 Plaza, Inc., 845 S.W.2d at 575; see also Forty Mills Realty Venture v. State *ex rel.* Missouri Highway & Transp. Comm'n, 872 S.W.2d 528, 531 (Mo. Ct. App. 1994) (plaintiffs did not have a protected property right in public's access or visibility to their property). Plaintiff argues that these cases do not "necessarily reflect Missouri law on this point," citing an Eighth Circuit case from 1933 in which the court held that a property owner "has the easement . . . of light, air, . . . access, [and] a reasonable view of his property from [the] public street." Klaber v. Lakenan, 64 F.2d 86, 91 (8th Cir. 1933). In interpreting state law, this Court is "bound by the decisions of the state's highest court." Minnesota Supply Co. v. Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006) (citation omitted). Decisions of intermediate state appellate courts are persuasive authority when they are the best evidence of what state law is. Id. As a matter of Missouri law, plaintiff has failed to state a claim that a protected property interest was damaged by the wall. Count I will be dismissed for failure to state a claim for relief.

### B. Count II — Constitutional Claims

#### (1) State constitutional claims

Plaintiff asserts that by failing to provide it with notice and an opportunity to be heard in the design of the sound wall, the commissioners violated its procedural due process rights under Article 1, § 10 of the Missouri Constitution. Defendants argue that Missouri does not provide a cause of action for violation of state due process rights.

While rights guaranteed under the United States Constitution are enforceable through 42 U.S.C. § 1983, Missouri has not enacted similar legislation enabling suits for violations of rights under the state constitution and the state guarantees

are not "self-executing." Moody v. Hicks, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997) (rejecting argument that protection against unreasonable search and seizure in Art. 1, § 15 is self-executing); USCOC of Greater Missouri, LLC v. Cty. of Franklin, Mo., No. 4:07CV1426 JCH, 2008 WL 2065060, at *3 (E.D. Mo. May 14, 2008) (due process protections in Art 1, § 10 are not self-executing). Thus, plaintiff may not bring a procedural due process claim under the Missouri Constitution.

Plaintiff's state due process claim is also barred by the Eleventh Amendment. "A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive . . . conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984). And, "insofar as injunctive relief is sought, an error of law by state officers acting in their official capacities will not suffice to override the sovereign immunity of the State where the relief effectively is against it." Id. at 113 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 690, 695 (1949)). As noted above, the Commissioners did not participate in the removal of this action to federal court and thus have not waived any immunity otherwise available to them.

### (2) Federal constitutional claims

Plaintiff also asserts claims for violation of its federally-protected procedural due process and equal protection rights under 42 U.S.C. § 1983, and seeks an order directing the Commissioners to remove the sound wall.

While claims against state officials in their individual capacity seek to impose personal liability, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v.

9

Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1978)). An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Id. at 166 (citing Brandon v. Holt, 469 U.S. 464, 471–72 (1985)). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom must have played a part in the violation of federal law.'" Hafer v. Melo, 502 U.S. 21, 25 (1991) (quoting Monell, 436 U.S. at 694). Plaintiff's complaint is devoid of any allegations that the commissioners have final policy-making authority or acted pursuant to official policy or custom.

Even if the complaint contained the necessary custom or policy allegations, plaintiff's constitutional claims are barred by the ripeness doctrine. A plaintiff alleging a violation of procedural due process rights must exhaust state remedies before the allegations can state a claim under § 1983. Wax'n Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000). Similarly, a constitutional case involving land use is not ripe for federal adjudication unless the plaintiff has first exhausted available state remedies. See Kottschade v. City of Rochester, 319 F.3d 1038, 1041 (8th Cir. 2003) (plaintiff must pursue post-deprivation remedy in state court) (citing Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985)); Saba v. City of Farmington, No. 4:05CV02000-RWS, 2006 WL 897153, at *1 (E.D. Mo. Mar. 31, 2006). The exhaustion requirement cannot be satisfied by simultaneously bringing federal and state takings claims. Swiish v. Nixon, 4:14CV2089 CAS, 2015 WL 867650, at *5 (E.D. Mo. Feb. 27, 2015).

Finally, even if properly exhausted, plaintiff also fails to adequately plead its equal protection claim. "Under the Equal Protection Clause, similarly situated

entities must be accorded similar governmental treatment." Barrington Cove Ltd. P'hip v. Rhode Island Hous. & Mortgage Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439–40 (1985)). In order to establish its claim, plaintiff must to allege facts indicating that, "compared with others similarly situated, [it] was selectively treated . . . based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Id. (citation omitted; emphasis added). Plaintiff does not allege the commissioners acted based on any impermissible considerations.

Because the Court finds that plaintiff has failed to state a claim for relief against the commissioners, the Court does not address the parties' additional arguments regarding whether plaintiff's claim for damages against the Commission precludes his claim for injunctive relief against the commissioners.

\*\*\*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [Doc. #21] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2016.